ERASTUS C. SIMPSON and another *vs.* CHARLES BIBBER, and
WILLIAM L. FITCH, trustee.

*Trustee process—practice—exceptions to ruling of judge of superior court charging trustee.  Account—verbal assignment of valid.*

By virtue of Public Laws of 1868, c. 151, § 7, and R. S. c. 86, § 79, when exceptions
    are taken to the ruling and decision of the judge of the superior court, as to
    the liability of the trustee to be charged, the whole case may be re-examined
    by the law court.
A verbal assignment, made *bona fide*, before service on the trustee, for a valuable
    and adequate consideration, will transfer such an interest in an account as
    may be protected in a trustee process.

ON EXCEPTIONS to the ruling of *Goddard*, J., of the superior court for this county, in charging the trustee for forty-seven dollars and eighty cents.

The action was assumpsit on account annexed.  The action was tried by the judge, without the intervention of the jury, and he

rendered judgment for the plaintiff for the sum of sixty-eight dollars and twelve cents, debt or damage.

The trustee disclosed, substantially, that at the time of the service of the plaintiff's writ upon him, to wit, March 21, 1870, he was indebted to Charles & H. A. Bibber, $47.80, on account.

That after service of the writ, to wit, March 23, 1870, he received written notice from H. A. Bibber, that $44.56 of the account belonged to and was due to him alone; and that he held the sum of $48.70 to be paid as the court should direct.

By leave of the court, H. A. Bibber, claimant of the goods, effects, and credits in the hands of the alleged trustee, came and alleged that he was the owner of one-fourth part, in common and undivided, of the vessel sold by Charles and H. A. Bibber to the alleged trustee for $600; that there was due him at the time of the service of the trustee writ in this case, $150; that before the sale of the vessel he expended upon her, in repairs, $19.88, and $24.68 for money advanced for him, which Charles Bibber agreed to pay him, and before the service of the writ in this case had verbally assigned to him (the claimant) so much of the account due from the alleged trustee, and should pay that amount.

The allegations were, substantially, proved by the depositions of Charles Bibber and the claimant.

The judge of the superior court charged the trustee in the sum of $47.80, and the trustee alleged exceptions.

*S. C. Strout & H. W. Gage*, for the trustee.

*H. Orr*, for the plaintiff, cited R. S. c. 86, § 30; *Fletcher* v. *Clark*, 29 Maine, 485; *Treat* v. *Gilmore*, 49 Maine, 34; *McCarthy* v. *Mansfield*, 56 Maine, 538; *Curtis* v. *Downs*, 56 Maine, 24; *Berry* v. *Johnson*, 53 Maine, 401; *McKeen* v. *Jordan*, 53 Maine, 144.

TAPLEY, J. In this case, Henry A. Bibber appeared in the superior court, as claimant of the funds in the hands of the trustee, and was duly made a party under the statute. Upon the disclosure and the proofs introduced by the claimant, the judge of the superior

court charged the trustee, and to this decree he excepted, and the court below allowed the exceptions.

The plaintiff now claims that the decree of the court below, being founded on matters of fact, must be conclusive upon the parties. That while the decisions of that court, in matters of law, are open to revision here, those of fact are not.

By the seventh section of the act establishing the superior court for the county of Cumberland, it is provided that "exceptions may be alleged as in the supreme judicial court," etc. Acts of 1868, c. 151, § 7.

When exceptions are taken to the ruling of a judge of the supreme judicial court, "the whole case may be reëxamined and determined by the law court, and remanded for further disclosures or other proceedings as the court thinks justice may require." R. S. c. 86, § 79.

We think it was the design of the legislature to give, in this class of cases, the same effect to exceptions from the superior court, as is given to those taken to the rulings of a judge of the supreme judicial court.

Looking at the disclosure, and the proofs adduced, it would seem that a verbal assignment of the claim in dispute had been made to the claimant before the service was made upon the trustee, and that due notice was given the trustee of this fact before disclosure, and that this fact was disclosed by the trustee. There is no conflict of evidence in the case, and nothing to contradict the testimony of the principal defendant and the claimant upon this matter. In the absence of any evidence in conflict with it, and not even a suggestion of counsel now that it is untrue, we think the proof sufficient to establish the claim of the claimant.

The ground upon which the trustee was charged in the court below does not appear. The particular point now argued by counsel is the only intimation we have of what it might have been, and that is, that the assignment, being a verbal one, did not operate to transfer an interest which could be protected in a proceeding of this kind.

Simpson *v.* Bibber and Fitch.

We hold that a *bona fide* verbal assignment, made upon valuable and adequate consideration, will transfer such an interest in a chose in action as may be protected to the assignee in this kind of action.

It would be clearly inequitable to allow the assignor to disregard his contract, and we can perceive no reason why a creditor should not also be bound by an assignment thus made. Courts have in various ways recognized the force of unwritten assignments, and always have held that such a transfer carries with it the right in the purchaser to use the name of the assignor in prosecuting such choses in action to judgment and execution. The statutes recognize this class of transfers by requiring the assignee in such actions to indorse his name and place of residence upon the back of the writ, and in making him liable for costs. R. S. c. 82, § 115.

We perceive no reason why greater force and efficiency should be attached to an assignment which has been reduced to writing, than one which was made and exists without this species of evidence of its existence. It is the assignment which transfers the interest in the claim, and not the means the parties have used or adopted to preserve evidence that it has been made. The contract is one thing and the evidence of it another. Written evidence may be more reliable than oral evidence delivered by witnesses; but the assignment, when once established, is equally effectual whether reduced to writing or not, unless some positive provision of law requires otherwise.

We think the trustee in this case should have been charged for the sum of three dollars and twenty-four cents ($3.24), less his costs, and the entry, therefore, in the case will be,

*Trustee charged for the sum of three dollars and twenty-four cents, less his costs.*

APPLETON, C. J.; KENT, DICKERSON, and BARROWS, JJ., concurred.